IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER #1290750 | § | |
| VS. | § | CIVIL ACTION NO. 9:12CV10 |
| RUTH BROUWER, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Arthur Joyal Barker, an inmate confined in the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

**I.     BACKGROUND**

Plaintiff filed his original complaint on January 1, 2012. Following an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on May 17, 2012, the Court issued an Order to Answer and Scheduling Order and, on May 31, 2012, Plaintiff filed a Motion to Appoint Counsel (docket entry #17). On June 14, 2012, the Court denied the motion (docket entry #24). Plaintiff now seeks reconsideration of that order denying appointment of counsel.

**II.     STANDARD**

Federal Rule of Civil Procedure 60(b) governs grounds for relief from a final judgment, order, or proceeding. In this case, Plaintiff seeks relief from an order of the Court. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise,

1

or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Here, Plaintiff has not articulated a specific reason under Rule 60(b) for relief from the order denying appointment of counsel. However, the nature of his argument - that he believes it in the interest of justice to have a "meaningful opportunity to conversate [*sic*] with counsel and find an [*sic*] meaningful defense," apparently meaning against Defendants' motion for summary judgment, eliminates reasons (1), (2), (3), (4) or (5), leaving possibly (6) ("any other reason that justifies relief").

However, that reason still does not show the "exceptional circumstances" required for the appointment of counsel. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). The Court has found Plaintiff capable of researching, citing and employing legal authority and of following the scheduling requirements of this case. Further, that the case is not unduly complicated requiring the appointment

of counsel. *See Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). In short, the Court found Plaintiff capable of representing himself in this matter. Plaintiff has presented nothing in his motion for reconsideration to change that determination.

It is accordingly

**ORDERED** that Plaintiff's Motion for Reconsideration of Docket Numbers 17 and 24 (docket entry #52) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **February, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE